07 CV 3274

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.:

CHRISTOPHER E. BROWN, )
an individual, )
 )      **JUDGE ROBINSON**
Plaintiff, )
 )
vs. )
 )
FRIEDMAN FAMILY REAL ESTATE CO., LLC, )
a New York Limited Liability Company, )
 )
Defendant. )
_____/ )

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues FRIEDMAN FAMILY REAL ESTATE CO., LLC, a New York Limited Liability Company, for injunctive relief, damages, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief as well as damages pursuant to Title III of the Americans With Disabilities Act, 42, U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, FRIEDMAN FAMILY REAL ESTATE CO., LLC (hereinafter referred to as "FRIEDMAN FAMILY REAL ESTATE,") a New York Limited Liability Company, is registered to do business in the State of New York. Upon information and belief, FRIEDMAN FAMILY REAL ESTATE is the owner, lessee, and/or operator of the real property and improvements which is the subject of this action, to wit: the "Property," located at 303 Park Avenue South, New York, NY 10010.

7. All events giving rise to this lawsuit occurred in the Southern District of New York, in the County of New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a public accommodation, subject to the ADA, located at 303 Park Avenue South New York 10010 in the County of New York.

10. Between August 2005 and the present, MR. BROWN visited the Property, located at 303 Park Avenue South, New York, NY 10010, numerous times.

11. During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in paragraph

14 of this Complaint.

12. MR. BROWN continues to desire to visit the property, but continues to experience serious difficulty due to the barriers discussed in paragraph 14 which continue to exist.

13. MR. BROWN plans to and will visit the property once the barriers discussed in paragraph 14 and any other barriers have been removed.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and are discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia*, the following violations:

   A. inaccessible entrance to the New York Burger store due to narrow doorway, lack of pull side clearance near the door, and improper ramp;

   B. inaccessible entrance to the Jean Louis David store;

   C. inaccessible entrance to the second floor commercial tenants;

   D. inaccessible entrance to the Mail Box Etc. store due to narrow doorway and lack of pull side clearance near the door;

   E. inaccessible entrance to the Bank of America ATM due to narrow doorway;

   F. inaccessible entrance to the 7-11 store due to narrow doorway and lack of pull side clearance near the door;

   G. inaccessible entrances to the NY Sports Club due to narrow doorway, lack of pull side clearance near the door and presence of step;

   H. in the Pax, the restroom is inaccessible due to a narrow doorway, improper height of sinks and dispensers, lack of an accessible route, and lack of accessible grab bars.

      I.      throughout the remainder of tenant spaces, there are checkout counters which are too high;

      J.      throughout the remainder of tenant spaces, there are restrooms which are not accessible.

15. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Plaintiff additionally intends to return to the property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against FRIEDMAN FAMILY REAL ESTATE, and requests the following injunctive and declaratory relief:

      A.      That the Court declares that the properties owned and administered by FRIEDMAN FAMILY REAL ESTATE is in violation of the ADA;

B. That the Court enter an Order directing FRIEDMAN FAMILY REAL ESTATE to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing FRIEDMAN FAMILY REAL ESTATE to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

> Respectfully Submitted,
> KU & MUSSMAN, P.A.
> Attorneys for Plaintiff
> 11098 Biscayne Blvd., Suite 301
> Miami, FL 33161
> Tel: (305) 891-1322
> Fax: (305) 891-4512
>
> By: _____
> KU & MUSSMAN, P.A.
> Attorney for Plaintiff
> J. Justin Griffin, Esq.
> Of Counsel
> 64 Oriole Street
> Pearl River, NY 10965
> Tel: (845) 653-1172
> Fax: (845) 623-8072
> jjg10@hotmail.com
> Bar ID No.: JG4808